UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| **KRIS THORNTON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Civil Action No. CV-07-VEH-438-NW |
| ) | |
| **PHILLIP KING,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION AND ORDER

**I.   INTRODUCTION**

Plaintiff, Kris Thornton, asserted a claim, pursuant to 42 U.S.C. § 1983, against defendant Phillip King, a jailer at the Lauderdale County, Alabama, detention center, for violation of his Eighth Amendment right to be free from cruel and unusual punishment.[1] King was sued in his individual capacity only.

The case proceeded to trial, and on July 10, 2009, the jury rendered a verdict, finding all of the following from the preponderance of the evidence:

> 1. That defendant King intentionally committed acts that violated Thornton's federal constitutional right not to be subjected to cruel and unusual punishment[;]

---

[1] *See* doc. no. 1 (Complaint). Plaintiff originally named two additional defendants: Jackie Rikard, the administrator of the Lauderdale County detention center, and Ronnie Willis, the Sheriff of Lauderdale County. *Id.* Plaintiff later agreed to the dismissal of his claims against Rikard and Willis. *See* doc. no. 34 (plaintiff's response to defendants' motion for summary judgment), at 1 ("Thornton agrees to the dismissal of his supervisory liability claims against defendants Willis and Rikard.").

>    . . . .
>
>    2.   That King's acts were the proximate or legal cause of damages sustained by Thornton[;]
>
>    . . . .
>
>    3.   That Thornton should be awarded damages to compensate for physical as well as emotional pain and suffering[; and]
>
>    . . . .
>
>    4.   That King acted with malice or reckless indifference to Thornton's federally protected rights and that punitive damages should be assessed against King[.][2]

The jury assessed compensatory damages in the amount of $5,000.00, and punitive damages in the amount $15,000.00.[3] That same day, the court entered a final judgment stating:

> In accordance with the jury verdict for the Plaintiff, **FINAL JUDGMENT** is hereby **ENTERED** in favor of Plaintiff Kris Thornton, and against Defendant Phillip King. Plaintiff shall have of Defendant the sum of $5,000.00 for compensatory damages, and $15,000.00 for punitive damages, plus interest hereafter at the prevailing legal rate per annum until paid in full. Costs are hereby taxed against Defendant.[4]

Defendant timely moved for judgment as a matter of law both at the end of plaintiff's evidence, and at the end of all the evidence. Pursuant to Fed. R. Civ. P. 50, the court took each motion under advisement and submitted the case to the jury. The case currently is before the court on defendant's renewed motion for judgment as a

---

[2] Doc. no. 71 (Special Verdict on Interrogatories), at 1-2.
[3] *Id.* at 2.
[4] Doc. no. 72 (Final Judgment) (emphasis in original).

matter of law, or, in the alternative, for a new trial.[5]

## II.   DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW

Federal Rule of Civil Procedure 50(a)(1) states, in pertinent part, that

> [i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:
>
> (A)   resolve the issue against the party; and
>
> (B)   grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

Fed. R. Civ. P. 50(a)(1). A motion pursuant to Rule 50(a) "may be made at any time before the case is submitted to the jury," and it must "specify the judgment sought and the law and facts that entitle the movant to the judgment." Fed. R. Civ. P. 50(a)(2).

> If the court does not grant a motion for judgment as a matter of law made under Rule 50(a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion. No later than 10 days after the entry of judgment — or if the motion addresses a jury issue not decided by a verdict, no later than 10 days after the jury was discharged — the movant may file a renewed motion for judgment as a matter of law and may include an alternative or joint request for a new trial under Rule 59. In ruling on the renewed motion, the court may:
>
> (1)   allow judgment on the verdict, if the jury returned a verdict;

---

[5]Doc. no. 75.

>    (2)   order a new trial; or
>
>    (3)   direct the entry of judgment as a matter of law.

Fed. R. Civ. P. 50(b).

The Eleventh Circuit's standard governing Rule 50 motions for judgment as a matter of law is "well established":

> If the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict, granting of the motions is proper. On the other hand, if there is substantial evidence opposed to the motions, that is, evidence of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions, the motions should be denied, and the case submitted to the jury . . . . [I]t is the function of the jury as the traditional finder of the facts, and not the Court, to weigh conflicting evidence and inferences, and determine the credibility of witnesses.

*Lipphardt v. Durango Steakhouse of Brandon, Inc.*, 267 F.3d 1183, 1186 (11th Cir. 2001) (quoting *Watts v. Great Atl. & Pac. Tea Co.*, 842 F.2d 307, 309-10 (11th Cir.1988) (*per curiam*) (citation omitted)).

### A.   *De Minimis* Injury

Defendant first argues that judgment as a matter of law should be granted in his favor because "the undisputed facts, construed in the light most favorable to the Plaintiff, do not establish that the force used by Defendant King meets the very high standard applicable to Eighth Amendment excessive force claims."[6] Specifically,

---

[6]Doc. no. 75, at 2.

defendant argues that the level of force he used against plaintiff cannot be considered "excessive" because plaintiff suffered only *de minimis* injuries. *See Hudson v. McMillan,* 503 U.S. 1, 9-10 (1992) ("The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort '"repugnant to the conscience of mankind."'") (citations omitted). *See also Skritch v. Thornton,* 280 F.3d 1295, 1302 (11th Cir. 2002) (stating that the level of injuries received can indicate the level of force that was employed). According to defendant, plaintiff's medical records do not support anything other than a *de minimis* injury.

In this regard, defendant's argument is almost identical to the argument he presented at summary judgment. The court held at summary judgment that the medical evidence did not so blatantly contradict plaintiff's allegations of injury that no reasonable juror could believe plaintiff's version of events. The testimony offered at trial did not differ significantly from the evidence presented during summary judgment proceedings. From the testimony presented at trial, the jury could reasonably have concluded that, after plaintiff's altercation with defendant, a knot formed on plaintiff's head, and plaintiff experienced headaches, nosebleeds, double vision, tenderness, and swelling. This is true despite the fact that defendant presented evidence to show that plaintiff may have had pre-existing symptoms, that his test

results were normal, that jail officials did not observe a large knot on plaintiff's head immediately after the incident, and that Dr. Austin, the jail physician, did not think it likely that plaintiff's nosebleeds were caused by the injuries defendant allegedly inflicted. The jury was free to weigh this conflicting evidence and find in plaintiff's favor, and its decision to do so was not unreasonable.

None of the cases cited by defendant in his renewed motion for judgment as a matter of law mandates a different conclusion. In fact, the only new case cited for a substantive reason by defendant in support of his motion for judgment as a matter of law is an unpublished decision from the United States District Court for the Southern District of Alabama, *Toney v. Barber,* No. 07-0024-CG-C, 2008 WL 4155634 (S.D. Ala. Sept. 2, 2008).[7] As an initial matter, an unpublished decision from another district court is only persuasive authority. Even if the *Toney* decision were binding, however, it would not change the outcome of this opinion. In *Toney,* the plaintiff claimed that he was injured when a correctional officer "grabbed him by the throat, slammed him over a bed, and struck him three times in the face, all while Plaintiff was handcuffed behind his back." *Toney,* 2008 WL 4155634, at *3. The plaintiff

---

[7]Almost all of the other cases cited in the renewed motion for judgment as a matter of law also were cited in defendant's summary judgment brief. *See* doc. no. 31. The sole exception (other than *Toney*) is *Boxer X v. Harris,* 437 F.3d 1107 (11th Cir. 2006), but defendant only cited that case for the proposition that "[d]e minimis injuries are the proof of *de minimis* force." Doc. no. 75, at 5 (citing *Boxer X,* 437 F.3d at 1111).

claimed that, while he was being slammed over the bed, "he scraped his hand on the edge of the bed, causing him pain for weeks." *Id.* The plaintiff's medical records showed that he suffered only two scrapes to the fifth finger of his right hand, two scrapes to the fourth finger of his right hand, and slight swelling of the second knuckle of the fifth finger of his right hand. *Id.* at *4. He maintained full range of motion in all fingers, and he did not experience any broken bones. *Id.* The district court adopted the magistrate judge's recommendation, and held that the defendant had not engaged in excessive force because the plaintiff had suffered only *de minimis* injuries. *Id.* at *5.

> In determining whether the extent of Plaintiff's injuries indicate[d] the use of excessive force, the Court [found] instructive the types of injuries which have been held by this Court, and other courts, to be insufficient to support excessive force claims under the Eighth Amendment, such as: a scratch on plaintiff's side from a correctional officer pushing, shoving, and hitting plaintiff in an effort to force him to comply with an order to pick up his hoe and get back to work, *Walker v. Thames,* 2001 WL 394911, * 6 (S.D. Ala .2001) (unpublished); scratches on plaintiff's elbow, bump and one-half inch skin tear behind the ear, abrasion on the shoulder, and jaw pain from correctional officer pushing plaintiff into a glass window while taking him to a holding cell, *Lanier v. Fralick*, 2000 WL 1844679, *1-2, 5-6 (S.D. Ala.2000) (unpublished); blow to the forehead with a baton, resulting in no bruising or swelling, *Clark*[ *v. Johnson*], 2000 WL 1568337, *18-19 [(S.D. Ala. 2000)]; a sore, bruised ear lasting three days, *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997); bruises on a prisoner's back from being shoved into a door frame, *DeWalt v. Carter*, 224 F.3d 607, 620 (7th Cir. 2000); lacerations, bruises, cuts, and swelling as a result of a guard hitting plaintiff's hand with a plastic box when plaintiff reached through a trap in the door of

his cell, *White v. Matti*, 58 Fed. Appx. 636, 638 (7th Cir. 2002) (unpublished); pain, swelling, and bruising from a guard closing a cuffport door on a prisoner's hand, *Outlaw v. Newkirk*, 259 F.3d 833, 839-40 (7th Cir. 2001); a bruised shoulder from being shoved into a wall, *Markiewicz v. Washington*, 175 F.3d 1020, * 1 (7th Cir. 1999) (unpublished); a 1.5 inch scratch on the back of the hand from handcuffs, *Schoka v. Swinney*, 53 F.3d 340, *1 (9th Cir. 1995) (unpublished); daily headaches, not requiring treatment, from being hit with a water bucket, *Lunsford v. Bennett*, 17 F.3d 1574, 1582 (7th Cir. 1994); and a sore and swollen thumb from being hit with keys, *Norman v. Taylor*, 25 F.3d 1259, 1262-63 (4th Cir. 1994).

*Toney,* 2008 WL 4155634, at *4.

Defendant asserts that plaintiff's injury should be considered *de minimis* just like the injuries suffered by the plaintiff in *Toney*. This court does not agree. The plaintiff in *Toney* suffered only minor scrapes and slight swelling of his fingers. In contrast, in the present case, the jury reasonably could have found that plaintiff suffered headaches, nose bleeds, blurred vision, and bruising and swelling to the back of his head as a result of having his head repeatedly pounded against a concrete wall — all injuries that are significantly more severe than those suffered by the plaintiff in *Toney*.

Defendant also asserts that the cases cited in *Toney* involved a "significantly higher" level of injury than that suffered by plaintiff in this case.[8] Again, this court cannot agree. First of all, all of the cases cited in the *Toney* decision are either from

---

[8] Doc. no. 75, at 8.

the Southern District of Alabama, or from Courts of Appeal other than the Eleventh Circuit, and thus are only persuasive authority. Even more importantly, however, the injuries suffered by the plaintiffs in those cases are significantly less severe than those that the jury reasonably could have found were suffered by Thornton.[9] Furthermore, none of the the cases cited by the *Toney* court involved injuries incurred as a result of the plaintiff's head being *repeatedly* and unjustifiably banged against a concrete wall, with the plaintiff taken to the hospital emergency room.

### B. Malicious And Sadistic Actions

Defendant also argues that he is entitled to judgment as a matter of law because there was no evidence presented at trial that he acted maliciously and/or sadistically during the events that led to plaintiff's injuries. The Eleventh Circuit has held that,

> [u]nder the Eighth Amendment, force is deemed legitimate in a custodial setting as long as it is applied "in a good faith effort to maintain or restore discipline [and not] maliciously and sadistically to cause harm." *Whitley v. Albers,* 475 U.S. 312, 320-21, 106 S. Ct. 1078, 89 L. Ed. 2d 251 (1986) (quoting *Johnson v. Glick,* 481 F.2d 1028, 1033 (2nd Cir. 1973)); *see also Hudson v. McMillian,* 503 U.S. 1, 8, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992). To determine if an application of force was applied maliciously and sadistically to cause harm, a variety of factors are considered including: "the need for the application of force, the relationship between that need and the amount of force used,

---

[9]The most analogous case cited by *Toney* is *Clark v. Johnson,* No. Civ.A.97-00538-AH-L, 2000 WL 1568337 (S.D. Ala. Oc. 11, 2000), where the plaintiff complained of being hit in the head with a correctional officer's baton. The plaintiff's injuries were considered *de minimis* because there was no evidence of bruising or swelling. *Id.* at *18-19. Here, in contrast, there was evidence of both bruising and swelling.

> the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." *Hudson,* at 7-8, 112 S. Ct. 995; *see also Whitley,* 475 U.S. at 321, 106 S. Ct. 1078; *Harris v. Chapman,* 97 F.3d 499, 505 (11th Cir. 1996). From consideration of such factors, "inferences may be drawn as to whether the use of force could plausibly have been thought necessary, or instead evinced such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur." *Whitley,* 475 U.S. at 321, 106 S. Ct. 1078 (quoting *Johnson,* 481 F.2d at 1033).

*Skritch,* 280 F.3d at 1300-01 (bracketed alteration in original). From the evidence presented at trial, a reasonable jury could conclude that King acted "maliciously and sadistically," or with a "knowing willingness" that harm would occur to plaintiff. Based on the trial testimony, the jury could reasonably have concluded that plaintiff did not behave in a threatening manner toward defendant or any other corrections officer, and that plaintiff was not involved in any physical altercation with other inmates. Importantly, the jury could have believed that plaintiff made no threatening movements toward King once King entered the cell and, in fact, plaintiff stepped several steps away from the door when King entered. The jury could also reasonably have believed that defendant charged angrily at plaintiff, slammed him down on his bunk, and beat his head against the wall multiple times. The jury was entitled to conclude that defendant's extreme, unprovoked use of force was unnecessary to further King's investigation into the disturbance in and/or near plaintiff's cell.

In summary, the jury was entitled to believe the evidence presented by plaintiff,

and to find that plaintiff's constitutional rights were violated. Defendant, therefore, is not entitled to judgment as a matter of law.

## III. DEFENDANT'S ALTERNATIVE MOTION FOR A NEW TRIAL

Defendant alternatively moves for a new trial. The standard for granting a motion for new trial is as follows:

> A judge should grant a motion for a new trial when "the verdict is against the clear weight of the evidence or will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict." *Hewitt v. B.F. Goodrich Co*., 732 F.2d 1554, 1556 (11th Cir.1984) (internal quotations and punctuation omitted). Because it is critical that a judge does not merely substitute his judgment for that of the jury, "new trials should not be granted on evidentiary grounds unless, at a minimum, the verdict is against the great — not merely the greater — weight of the evidence." *Id*.

*Lipphardt*, 267 F.3d at 1183. Defendant asserts that the weight of the evidence shows that plaintiff "suffered no more than *de minimis* injuries which, furthermore, were not inflicted with malicious and sadistic intent."[10] For the reasons described above, the jury's verdict was not against the great weight of the evidence. The jury was entitled to conclude, based on the evidence presented at trial, that plaintiff suffered more than *de minimis* injuries, and that those injuries were inflicted by defendant with malicious and sadistic intent. Accordingly, defendant's alternative motion for a new trial is due to be denied.

---

[10]Doc. no. 75, at 13.

## IV. CONCLUSION AND ORDER

For the reasons stated above, the court concludes that Defendant's Motion for Judgment as a Matter of Law or, in the Alternative, for a New Trial, is due to be, and hereby is, **DENIED**.

**DONE** and **ORDERED** this the 4th day of September, 2009.

**VIRGINIA EMERSON HOPKINS**
United States District Judge